McKAY & COPELAND LASTING MACH. CO. v. CLAFLIN et al.

SAME v. DIZER et al.

(Circuit Court, D. Massachusetts. September 22, 1893.)

Nos. 2,776 and 2,786.

1. PATENTS FOR INVENTIONS—LIMITATION OF CLAIMS — COMBINATION—LASTING MACHINES.

Claim 8 of letters patent No. 197,607, issued November 27, 1877, to Copeland, Woodward & Brock, covers "in a lasting machine, the combination of the adjustable carriage, B, provided with means for supporting an oscillating plate, and said oscillating plate, substantially as described." *Held,* that the words "substantially as described" refer only to the elements mentioned in the claim, namely: (1) "Adjustable carriage, B;" (2) "means for supporting an oscillating plate;" and (3) "an oscillating plate;" and that, although every combination described in the specification includes a centering foot or equivalent instrumentality for tipping the adjustable carriage, this element should not be read into the claim.

2. SAME—CONSTRUCTION OF CLAIMS.

General rules as to construction of claims. Limitations of functions of mechanical experts in this particular.

3. SAME.

The claim must be construed as covering a combination of only the three parts named, for use with any lasting machines to which they can be applied through any adaptable instrumentalities on the plate, and with such methods for operating all the same as may be applicable thereto.

4. SAME—"SUBSTANTIALLY AS DESCRIBED."

Whether the words "substantially as described" limit the "means for supporting the oscillating plate" to the ordinary pivoting arrangement, which is the only one described in the specifications, or whether the word "substantially" would include all equivalent means, is not decided; but, assuming the former construction to be correct, the claim is not infringed by a machine which uses spring rockers for tipping the plate.

5. SAME—ANTICIPATION.

Watson v. Stevens, 2 C. C. A. 500, 51 Fed. Rep. 757, distinguished.

6. SAME—INVENTION.

Assuming that the claim should be broadly construed to cover every method of tipping a plate or table carrying lasting tools, it is void as claiming so universal a function as the tipping motion in its application to a use analogous to those familiar generally and in prior lasting machines.

In Equity. These were two suits for the alleged infringement of letters patent No. 197,607, issued November 27, 1877, to Copeland, Woodward & Brock for an improvement in lasting machines for boots and shoes. Bills dismissed.

Fish, Richardson & Storrow and James J. Storrow, for complainant.

John L. S. Roberts, Elmer P. Howe, and Walter K. Griffin, for defendants.

PUTNAM, Circuit Judge. The issues in these two cases are the same. They turn on the eighth claim of the patent in suit, which reads as follows: "In a lasting machine, the combination

of the adjustable carriage, B, provided with means for supporting an oscillating plate, and said oscillating plate, substantially as described." The first question which arises touches the construction of this claim. The respondents contend that by reason of the manner in which the specifications describe an automatic method of tipping the adjustable carriage through the instrumentality of the centering foot, the words "substantially as described" involve the latter; that the automatic movement is a part of the combination covered by the claim, and that a machine which does not contain that movement cannot infringe. Experts have testified upon this proposition, which nevertheless is, in this case, entirely one of construction, and wholly for the court. There is no peculiar mystery in the statutes of the United States touching patents, nor in the application of them; and the specifications and claims for which they provide are to be construed according to the rules of the common law. So far as they are plain and need no construction, the court is not to be governed or influenced by opinions of mechanical experts. The most such witnesses can do towards aiding to ascertain their meaning is to explain to courts the sense of words of a technical or special character, and to bring before them a knowledge of the state of the art, and of other facts constituting the circumstances in the light of which the rules of law are to be applied.

The words "substantially as described" refer, according to the plain use of language, only to the elements stated in the claim. If there was any doubt on this point of construction, the case would be aided by Lake Shore & M. S. Ry. Co. v. National Car-Brake Shoe Co., 110 U. S. 229, 4 Sup. Ct. Rep. 33, which on this proposition was quite like the case at bar. There the court held (page 235) that the words, "constructed and arranged substantially as specified," mean "substantially as specified in regard to the combination which is the subject of the claim." A strikingly analogous case is Day v. Railway Co., 132 U. S. 98, 10 Sup. Ct. Rep. 11. There the position of the parties was reversed from that at bar. The patentee of an alleged improvement in railroad track clearers attempted to interject into one of the claims, for the purpose of saving it, a peculiar method of pivoting, which had been described in the specifications. The claim did not set this out, although other claims did; but it contained the words, "as and for the purpose set forth." It was contended by the owner of the patent that, as the combination would be inoperative "for the purpose set forth," unless the bottom of the car was treated as a part of the combination, the peculiar method of pivoting must also be included; but the court overruled this contention. In the case at bar, therefore, "substantially as described" concerns only the specific things stated in the claim, namely: "(1) Adjustable carriage, B;" (2) "means for supporting an oscillating plate;" and (3) "an oscillating plate." The expression "a lasting machine" need not be considered, because all parties must agree that it is generic.

It is true that every combination described by the specifications includes the centering foot, or at least an equivalent instrumentality, for automatically tipping the adjustable carriage; but, while this might aid if the language of the claim was obscure, it is not sufficient to throw any doubt on what, standing by itself, is complete and precise. The fact that the specifications describe no method of making use of the complainant's alleged improvements, except by the aid of a centering foot or its equivalent instrumentality, might raise a question to be considered later on, if necessary.

While claim 8 mentions no immediate lasting instrumentalities to be carried on the oscillating plate, yet, on fundamental principles, it is not necessary that a patentee should enumerate elements which he has a right to assume every one would supply, whether it be, as in this case, the instrumentalities or tools intervening between the oscillating plate and the work, or the means of applying power lying back of the parts described. It follows that the claim is satisfied without attaching to it the centering foot, or other automatic method for tipping the oscillating plate; and it is to be construed as covering a combination of only the three parts already specified, for use with any lasting machines to which they can be applied, through any adaptable instrumentalities upon the plate, and with such methods for operating all the same as may be applicable thereto.

So far as all these are concerned, there will be no dispute as to the meaning of the words "substantially as described," except so far as they relate to "the means for supporting" the oscillating plate. In the specifications the means described seem to be the ordinary pivoting, which would probably be the first to occur to any mechanic; while in the respondents' machines the tipping or oscillating is accomplished by the use of spring rockers. There can be no question that the contention of complainant is correct, that a spring rocker is a perfectly familiar way of obtaining a tipping motion, as well as a pivot, and that ordinarily one is a well-known equivalent for the other; so that, if the case turned on this alone, the court would have no doubt that respondents' machines infringed. But here comes in the consideration of the words "substantially as described," with reference to the "means for supporting" the oscillating plate. In the view which the court is compelled to take of this case, it is not necessary for it to determine absolutely whether or not these words are limited to the specific device of pivoting, in which case there would clearly be no infringement, and would be a decree for respondents; or whether, by the construction to be put on the claim and specifications, the word "substantially" covers all equivalents for the pivoting. The inclination of the court is to the latter, as is claimed by the complainant; but it can for this case assume that on this point his contention is correct.

The substance of this contention is illustrated by the fact that complainant states that the patented improvement consists in

mounting the closing-in plates on a tipping, instead of on a rigid, bed, thus claiming the benefit of all that can be covered by contrasting the word "tipping" with the word "rigid." Again, it puts it that the invention does not consist in changing the details of a joint where a joint already permitted motion, but in first inserting a joint, and thus first giving the capacity for an adjustment where none existed before. The breadth of the construction which it puts on the claim is further illustrated by the fact already referred to, that it maintains that the spring rockers used by respondents are, for the purposes of the claim, the equivalent of the pivots shown by the specifications. The result, according to complainant's contention, is a claim so broad as to reach every form of tipping longitudinally an oscillating plate suited to carry any form of tools for lasting, at least those for lasting the heel and toe, combining with them the other matters already specifically referred to. Everything is admitted to be old even in combination, except the function of tipping instead of rigidity. The question of the validity of so broad a claim will be considered further on.

The utility of the adjustable carriage becomes evident at once on its being presented to view, and is clearly stated by the testimony of expert Crisp, on his cross-examination, as follows:

"Question. Isn't it true that a large part of the progress in lasting machines has been in increasing the adjustability of the lasting tools or devices? Answer. Yes. Q. And that includes increasing the speed and facility of adjustment; is that not so? A. It certainly is, and any facility of adjustment which saves the operator a few seconds per shoe is a marked improvement in the art of machine lasting."

Touching also the defense of want of novelty, including alleged anticipation by other patents, the court is satisfied that it is not maintained by that clear state of facts and convincing balance of proofs which the supreme court now requires. It would subserve no useful purpose to state the reasons for this at length. They are sufficiently summed up in the following further testimony of Mr. Crisp, again on cross-examination:

"Question. Now, do you find anywhere in the state of the art, as it existed at the date of the patent in suit, any machine or patent which embodies or describes a pair of lasting plates mounted upon another plate capable of being tipped transversely to the length of the last? And in answering my question you need not confine yourself to 'a pair of oscillating lasting plates,' but consider any pair of lasting plates, whether capable of individual oscillation or not, so long as they are both mounted upon a third plate which is capable of being tipped transversely to the length of the last. Answer. The exact equivalent to said device mentioned in the question, and as the question is put, is only found in the defendants' exhibit, Fischer Toe-Lasting Head. Q. I am uncertain what you mean by the word 'equivalent' in your last answer, but I suppose you mean that you do not find the construction referred to in Int. 56 anywhere in the state of the art as it existed at the date of complainant's patent, except in the Fischer patent, already referred to, and in the toe head of the American machine. A. I mean that I find only in the Fischer device two lasting plates, mounted upon a third plate, or bed, which is capable of being tipped transversely to the length of the last. Q. And the transverse tipping of the Fischer device was accomplished, was it not, by putting a piece of cardboard between the contracting parts of the head and base, as illustrated by Mr. Fischer in defendants' exhibit, Fischer Toe-Lasting Head?

A. Yes; by either shimming or wedging the head to the proper inclination upon the base, and there clamping it. By 'shimming' I mean one or more layers of any thin material,—cardboard, leather, or metal."

From the proof elsewhere it appears that the result produced by the shimming referred to was not anticipatory, within the rule laid down in Tilghman v. Proctor, 102 U. S. 707, 711, and Topliff v. Topliff, 145 U. S. 156, 161, 12 Sup. Ct. Rep. 825.

As already stated, the specifications throughout describe the improvements of the patent as used in connection with the automatic movement produced by the "centering foot." That portion which describes the pith of the invention, so far as important in this case, has the following language:

"The particular features to which our invention relates consist—First, in means for automatically adjusting the heel-lasting mechanism by the slope of the bottom of the last, whereby the heel-folding plates, when actuated, close upon the bottom of the last, substantially parallel with the plane thereof, as hereinafter explained."

As already stated, the court cannot perceive that the specifications anywhere point out that claim 8 can be availed of without means for automatically adjusting the heel-lasting mechanism, as the complainant now says it may be, and as is now in the complainant's commercial machines invariably practiced. Although the claim receives the construction which the complainant insists on, this will not necessarily aid him, unless it also appears that the patent describes a method of using the combination covered by it without the centering foot. Kellcher v. Darling, 4 Cliff. 424, 436. There is an exception, probably applicable here, based on fundamental principles of patent law, whenever persons skilled in the art or science to which the improvement appertains can with the aid of the specifications supply the omission. This point, however, is not clearly raised, and the court has reached a conclusion which makes its determination unnecessary.

If the claim does not go to the extent contended for by the complainant, respondents' machines do not infringe, as already said. If it does go to that extent, and is valid, the court is convinced that respondents' spring rockers are the equivalent of complainant's pivots, and that there is an infringement. This leaves what for the court is the most difficult question the case involves.

In the present state of mechanical advancement a claim so broad as complainant's, of which the new function is in substance every method of tipping a plate or table carrying lasting tools, bears at the outset a very strong presumption that it seeks to grasp too much to be valid. The field seems to be too familiar, and too much in common, to permit any one to acquire a monopoly of any very large portion of it. The court is unable in this record to find anything which overcomes the presumption stated.

The patent in suit issued on an application filed November 8, 1877. The prior patent for a lasting machine issued to the same patentees on an application filed May 26, 1877. The specifications of the patent in suit describe the improvements covered by

it as modifications and developments of the devices embodied in the earlier patent. So far as the claim in contest is concerned, the earlier patent contained everything necessary according to the complainant's contention for a successful lasting machine, except the tipping plate in lieu of a rigid one. The earlier patent was the pioneer one, if either was of that character, which the court need not consider. It carried on the rigid plate, corresponding to the oscillating plate, what are described in it as "oscillating, turning, and smoothing finger plates," and which were intended to a certain extent to adjust themselves to the inequalities of lasts, and were directly suggestive of the additional oscillation embraced in claim 8, now in question. A witness for the complainant shows that the machine, according to the first patent, was quite satisfactory, so far as the side-lasting devices were concerned, but not as to the heel and toe lasting, and that to overcome this difficulty it was essential that the wipers or slides turning over the upper at the toe and heel should be so arranged that they would adjust themselves to the slope or roll or twist of the last. The witness continues, in effect, that the result was an improvement, so that, while the bed-plate in the earlier patent was rigid, in the later one it was cut away from the carriage, and mounted so as to tip, and that from the moment this was applied the machine became a successful operative one, lasting shoes, either rights or lefts.

The defect and remedy must have been discovered after the application for the earlier patent, May 26, 1877, and before that for the later one, November 8th. The court is not referred to anything in the record which shows that the difficulty to be overcome was not met promptly and easily on its being discovered. The case, therefore, has none of the special elements which enabled the court of appeals in this circuit to sustain the patent in Watson v. Stevens, 2 C. C. A. 500, 51 Fed. Rep. 757; or of those of other like instances where patents have been maintained. There the controlling considerations were that what was claimed to be invention was shown to have been such as a matter of fact, and independently of any theories which courts may entertain; because, notwithstanding it was insisted in each instance that the improvement was one which would ordinarily occur to a skilled mechanic, the fact was that it had been long sought after, and had not been found.

The court might perhaps assume to understand of its own knowledge, concerning whatever is required to be moved to and from the thing on which it is to operate, or to be adjustable at different angles with reference to it, that it is common to support such on a plate or table so mounted that it may be tipped, and this whether the tipping is to be longitudinal or transverse, or even by a universal joint; but the court prefers to rest this fact on the evidence sustaining it, which is found in this record at several places.

It is not necessary to incumber this opinion with citations from familiar cases; but the court notes the language of Mr. Justice

Matthews in Hollister v. Manufacturing Co., 113 U. S. 59, 73, 5 Sup. Ct. Rep. 717, fatal to the patent in that case, that, "as soon as the mischief became apparent, and the remedy was seriously and systematically studied by those competent to deal with the subject, the present regulation was promptly suggested and adopted." The facts shown in the record, already referred to, seem to meet exactly this last observation; although, of course, the court is aware that some of the most valuable and useful aids to mankind in the way of discovery, and therefore most deserving the reward of a patent, have come as a mere happy thought, and not as the result of long study or seeking for results, and that some were also such imperceptible advances as hardly to be measured by the courts, while thoroughly appreciated by the common understanding of mankind. It is not always easy to put one's self in the place where the claimed inventor stood at the time he made his advance, whatever it might have been; and the final determinations of questions of this nature are necessarily more correct as the average judgment of several than as the unsupported conclusions of only one individual. Nevertheless, while proceeding with some doubt, the court feels obliged to apply to the case the pith of Lovell Manuf'g Co. v. Cary, 147 U. S. 623, 637, 13 Sup. Ct. Rep. 472, and hold that under all the circumstances brought to its attention the improvement as presented by this broad claim was only applying an old process to an analogous subject, with no change in the manner of application, and no result substantially distinct in its nature; and that to sustain complainant's claim 8 would be to monopolize so universal a function as the tipping motion in its application to a new use analogous to those which were familiar, not only generally, but in this very machine, without any evidence that those skilled in the art had before sought or failed to do the same. It seems to the court that these patentees do not go beyond what was disallowed as a so-styled "double use" in the leading case of Pennsylvania R. Co. v. Locomotive Engine Safety Truck Co., 110 U. S. 490, 4 Sup. Ct. Rep. 220, and in Royer v. Roth, 132 U. S. 201, 10 Sup. Ct. Rep. 58.

The complainant refers to the position occupied by Mr. Copeland, one of the patentees, who sold to complainant the patent on which this bill rests, and who is now said to be interested in the rival machines of respondents. In view of the fact that the court has been compelled to adjudge invalid the eighth claim of a patent which probably Mr. Copeland sold as valid, it may be that there is some just principle of law which would estop Mr. Copeland from disputing its validity if he was a party respondent in either of the cases under consideration, although such a proposition has not been pressed on the court. Inasmuch, however, as he is not a party respondent, and as the question does not turn on a conflict of proofs, but on the effect of the fair construction of the claim in question, and of facts relative to the state of the art which cannot be disputed, the court is required to examine the case as it would if the patent was contested by any persons with whom Mr.

Copeland was in no way connected, or who derived no interest under him; and accordingly it has done so.

In view of the relations which a judge disposing of a case in the circuit court holds to the court of appeals, and of the importance and difficulty of the questions involved, and of the consequent consideration which this court has been compelled to give them, it seems proper to cover in this opinion the principal matters which have been discussed at bar, notwithstanding the fact that the litigation has been disposed of on the single point that the claim does not cover a patentable invention. In each case the order will be, bill dismissed, with costs.